IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TYLER LINDSEY, Individually and on
Behalf of Others Similarly Situated**                                             **PLAINTIFF**

vs.                                         No. 5:16-cv-458

**SCHLUMBERGER TECHNOLOGY CORPORATION**                          **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Tyler Lindsey, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant Schlumberger Technology Corporation ("Defendant"), and in support thereof does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Tyler Lindsey on behalf of himself and on behalf of other similarly situated persons employed by Defendant at any time within a three year period preceding filing of this Complaint.

2. Plaintiff alleges that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., when it failed to pay Plaintiff and others similarly situated overtime premiums for hours worked in excess of forty (40) per week when they were employed as "Supervisors" or "Field Supervisors" in the Coil Tubing Services Division.

3. The proposed Section 216 class is composed entirely of employees who are or were Supervisors or Field Supervisors in the Coil Tubing Services Division of

Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their fundamental rights under applicable federal wage and hour laws. This collective action seeks the unpaid wages and other damages owed to these workers.

4. Plaintiff brings this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in each week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

6. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Tyler Lindsey is a resident and citizen of Bossier Parish Louisiana.

10. Defendant is a corporation organized under the laws of Texas, registered to conduct business in Arkansas, and may be served through its registered agent for service of process National Registered Agents, Inc., of Arkansas, 455 Maurice Street, Hot Springs, Arkansas 71901.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

11. Plaintiff Tyler Lindsey brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant who were not paid overtime premiums at any time within the applicable statute of limitations period.

12. Plaintiff is unable to state the exact number of the class. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

13. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

14. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

15. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

16. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' failure to pay members of the class lawful overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

17. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

> All persons employed by Defendant as Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant at any time since May 19, 2013.

## V. FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

19. Plaintiff was an employee of Defendant within the last three years.

20. At all times relevant to this Complaint, Defendant has been an employer and an enterprise engaged in commerce within the meaning of the FLSA. Defendant has employees engaged in interstate commerce.

21. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiff was engaged in commerce as required by 29 U.S.C. §§ 206-207.

22. From May of 2012 until May of 2015, Tyler Lindsey was employed by Defendant as a Supervisor or Field Supervisor in the Coil Tubing Services Division of Defendant and was paid a salary plus non-discretionary bonuses, but he did not receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

23. Plaintiff routinely worked in excess of forty hours per week.

24. Plaintiff's bonus was a percentage of the total amount collected by Defendant on the projects worked on by Plaintiff and other Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant.

25. Defendant violated the FLSA by failing to pay Plaintiff and similarly situated Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant overtime premiums for all hours worked in excess of forty (40) per week.

26. As a Supervisor or Field Supervisor in the Coil Tubing Services Division of Defendant, Plaintiff's primary job duty was manual labor.

27. He operated equipment at various oil sites. When the job was completed, Plaintiff transported the equipment back to the shop and ensured that it was ready for the next job.

28. Plaintiff and other Supervisors or Field Supervisors were not required to have any special education or specialized knowledge to perform his job.

29. Defendant's Supervisors or Field Supervisors, including Plaintiff, were required to be physically fit and strong enough to perform the manual labor required by their primary job duties.

30. Defendant's Supervisor or Field Supervisor, including Plaintiff, did not supervise other employees.

31. Plaintiff and the other Supervisors or Field Supervisors were and are entitled to 1.5 times their regular rate of pay for hours worked in excess of 40 in a week.

32. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Supervisors or Field Supervisors violated the FLSA.

33. Defendant's Supervisors or Field Supervisors routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties.

34. Thus its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI. FIRST CAUSE OF ACTION

**(Collective Action Claim for Violation of the FLSA)**

35. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

36. Plaintiff Tyler Lindsey brings this collective action on behalf of all similarly situated persons who were or are employed by Defendant as Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant at any time within the applicable statute of limitations period and were not paid overtime premiums for all hours worked in excess of forty (40) per week.

37. Plaintiff and all other similarly situated Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant were non-exempt employees entitled to overtime premiums for all hours worked in excess of forty (40) hours per week.

38. Plaintiff and other Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant regularly worked more than 40 hours per week.

39. Defendant failed to pay these workers overtime. Instead, Defendant paid (and pays) Plaintiff and all similarly situated employees a salary plus non-discretionary bonuses.

40. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

41. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

42. Defendant violated the overtime provisions of the FLSA by failing to pay Plaintiff overtime premiums for all hours worked in excess of forty (40) per week.

43. Defendant is liable to Tyler Lindsey individually for the violations described in the class claim section, above.

44. Additionally, Plaintiff is entitled to an amount equal to his unpaid wages as liquidated damages, as well as reasonable attorney's fees and the costs of this action.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tyler Lindsey, individually and on behalf of all others similarly situated, respectfully prays as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(h) Reservation of the right to amend this Complaint as provided by law; and

(i) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF TYLER LINDSEY, Individually and on behalf of Others Similarly Situated**

SANFORD LAW FIRM, PLLC

One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com